**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____  District of __Delaware__
(State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

405 Howard Street SF LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

84-2135179

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5-9 Union Square West | |
| Number        Street | Number        Street |
| | P.O. Box |
| New York              NY    10003 | |
| City              State    ZIP Code | City              State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Manhattan | 405 Howard Street |
| County | Number        Street |
| | 2nd Floor |
| | San Francisco              CA      94105 |
| | City              State    ZIP Code |

**5. Debtor's website** (URL)

| Debtor | 405 Howard Street SF LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | |
|---|---|
| **6. Type of debtor** | [x] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | [] Partnership (excluding LLP) |
| | [] Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | *A.      Check one:* |
| | [] Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | [] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | [] Railroad (as defined in 11 U.S.C. § 101(44)) |
| | [] Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | [] Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | [] Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | [x] None of the above |
| | |
| | *B.      Check all that apply:* |
| | [] Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | [] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | [] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | *C.*   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 5311 |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | [] Chapter 7 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | [] Chapter 9 |
| | [x] Chapter 11. *Check all that apply*: |
| | []      The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | []      The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | []      A plan is being filed with this petition. |
| | []      Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | []      The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form. |
| | []      The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | [] Chapter 12 |

Debtor    <u>405 Howard Street SF LLC</u>                                    Case number (*if known*)_____
              Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

[x] No

[] Yes.  District _____    When _____    Case number_____

District _____    When _____    Case number_____

---

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

[] No

[x] Yes.  Debtor _See Annex 1._                              Relationship _____

District _____    When _____

Case number, if known _____

---

**11.    Why is the case filed in *this district*?**

*Check all that apply:*

[x]  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

[x]  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.    Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

[x] No

[] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

[]  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

[]  It needs to be physically secured or protected from the weather.

[]  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

[]  Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                          State ZIP Code

**Is the property insured?**

[] No

[] Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor    405 Howard Street SF LLC    Case number *(if known)*
_____
Name

**13. Debtor's estimation of available funds**

*Check one:*

[] Funds will be available for distribution to unsecured creditors.

[x] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. Estimated number of creditors | | | |
|---|---|---|---|
| | [x] 1-49 | [] 1,000-5,000 | [] 25,001-50,000 |
| | [] 50-99 | [] 5,001-10,000 | [] 50,001-100,000 |
| | [] 100-199 | [] 10,001-25,000 | [] More than 100,000 |
| | [] 200-999 | | |

| 15. Estimated assets | | | |
|---|---|---|---|
| | [] $0-$50,000 | [x] $1,000,001-$10 million | [] $500,000,001-$1 billion |
| | [] $50,001-$100,000 | [] $10,000,001-$50 million | [] $1,000,000,001-$10 billion |
| | [] $100,001-$500,000 | [] $50,000,001-$100 million | [] $10,000,000,001-$50 billion |
| | [] $500,001-$1 million | [] $100,000,001-$500 million | [] More than $50 billion |

| 16. Estimated liabilities | | | |
|---|---|---|---|
| | [] $0-$50,000 | [] $1,000,001-$10 million | [] $500,000,001-$1 billion |
| | [] $50,001-$100,000 | [] $10,000,001-$50 million | [] $1,000,000,001-$10 billion |
| | [] $100,001-$500,000 | [x] $50,000,001-$100 million | [] $10,000,000,001-$50 billion |
| | [] $500,001-$1 million | [] $100,000,001-$500 million | [] More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1/31/2021
MM / DD / YYYY

X  */s/ John M. Jureller*                          John M. Jureller
Signature of authorized representative of debtor    Printed name

Title    Chief Financial Officer

---

Debtor    405 Howard Street SF LLC
_____
          Name

Case number (if known)_____

**18. Signature of attorney**    **X** */s/ Robert J. Dehney*_____    Date    1/31/2021_____

                               Signature of attorney for debtor                              MM / DD / YYYY


                                    Robert J. Dehney_____
                               Printed name
                                    Morris, Nichols, Arsht & Tunnell LLP_____
                               Firm name
                                    1201 N. Market Street_____
                               Number        Street
                                    Wilmington_____    DE        19801-1347_____
                               City                                    State      ZIP Code

                                    (302) 658-9200_____    rdehney@mnat.com_____
                               Contact phone                                 Email address


                                    3578_____    Delaware_____
                               Bar number                              State

## Annex 1

### Pending or Current Bankruptcy Cases Filed by Affiliates

On January 31, 2021, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- |
| Knotel, Inc. | 47-5086469 |
| 100 Bush St SF LLC | 84-2942215 |
| 101 Fifth Ave NYC LLC | 83-4090224 |
| 101 Montgomery St SF LLC | 83-2678393 |
| 10301 Jefferson Blvd LA LLC | 84-2431430 |
| 110 W 32nd NYC LLC | 83-4343344 |
| 1100 Glendon LA LLC | 83-3914535 |
| 1120 20th St DC LLC | 83-3662233 |
| 116 W 32nd NYC LLC | 83-3682073 |
| 12 E 33 St NYC LLC | 83-3875535 |
| 12121 Bluff Creek LA LLC | 83-4131394 |
| 12211 Washington LA LLC | 83-3080572 |
| 125 Fifth Ave NYC LLC | 84-1876335 |
| 1250 Eye St DC LLC | 84-2757981 |
| 12555 West Jefferson Way LA LLC | 84-2325657 |
| 126 Post St SF LLC | 83-2775878 |
| 129 W 29th NYC LLC | 83-4005122 |
| 131 Rodeo 102 LA LLC | 83-2857167 |
| 131 Rodeo 250 LA LLC | 83-2889670 |
| 13160 Mindanao Way LA LLC | 84-2307667 |
| 1317 5th St LA LLC | 83-4406337 |
| 1330 Conn Ave DC LLC | 84-3288693 |
| 1407 Broadway NYC LLC | 83-3054080 |
| 142 Berkeley St BOS LLC | 84-2681465 |
| 1444 Market St SF LLC | 84-2272723 |
| 146 Geary St SF LLC | 84-2242574 |
| 152 W 25 NYC LLC | 83-3839397 |
| 1550 Bryant St SF LLC | 83-4314610 |
| 1556 20th LA LLC | 83-3761760 |
| 16 W 36 St NYC LLC | 83-3109002 |
| 1625 Oly Blvd LA LLC | 83-4247066 |
| 1640 Sepulveda LA LLC | 83-4195317 |
| 166 Geary St SF LLC | 83-2493115 |
| 1720 Eye St DC LLC | 84-2730790 |
| 1725 Montgomery St SF LLC | 84-2166207 |
| 19 W 44th NYC LLC | 84-2251886 |
| 195 Broadway NYC LLC | 83-4026670 |
| 2 Liberty Sq BOS LLC | 84-3509124 |
| 22 W 21 ST NYC LLC | 83-2717693 |
| 2228 Cottner LA LLC | 83-3933742 |
| 23 W 20th NYC LLC | 83-3979493 |
| 239 Causeway St Boston LLC | 84-2383913 |
| 240 W 35th NYC LLC | 83-3958480 |
| 240 W 40 St NYC LLC | 84-3422852 |

| | |
|---|---|
| 250 Montgomery St LLC | 84-2059579 |
| 259 W 30TH NYC LLC | 83-3458173 |
| 26 W 17th St NYC LLC | 83-4070508 |
| 260 W 39th NYC LLC | 83-4156968 |
| 275 Battery St SF LLC | 83-4277442 |
| 28 W 25 NYC LLC | 83-3625955 |
| 29 W 35th St NYC LLC | 83-2583842 |
| 295 Madison NYC LLC | 84-2201937 |
| 30 W 21 St NYC LLC | 83-2784719 |
| 300 Broadway SF LLC | 84-2179840 |
| 300 Montgomery St SF LLC | 84-2118694 |
| 301 Brannan St SF LLC | 84-4011349 |
| 303 Second St SF LLC | 83-4281264 |
| 3137 S La Cienega Blvd LA LLC | 83-4578732 |
| 320 Lincoln LA LLC | 83-3566758 |
| 3309 La Cienega Place LA LLC | 84-2416819 |
| 333 Broadway SF Tenant LLC | 84-2089613 |
| 350 Sansome St SF LLC | 84-2195065 |
| 3535 Hayden Ave LA LLC | 84-3095720 |
| 360 Madison NYC LLC | 84-3443372 |
| 369 Lexington Ave NYC LLC | 83-2814283 |
| 390 Broadway NYC LLC | 83-3433057 |
| 40 Broad St BOS LLC | 84-2653293 |
| 400 Sutter St SF LLC | 83-3349792 |
| 405 E 4th Avenue SM LLC | 84-2075196 |
| 405 Howard Street SF LLC | 84-2135179 |
| 429 Santa Monica Blvd LA LLC | 83-2692522 |
| 42Floors LLC | 83-3297556 |
| 44 E 32nd Street NYC LLC | 84-2348777 |
| 44 Thomson Pl BOS LLC | 84-2389379 |
| 447 Broadway NYC LLC | 84-2003365 |
| 45 W 45 ST NYC LLC | 83-2797749 |
| 4501 Glencoe Blvd LA LLC | 84-3064141 |
| 455 Market St SF LLC | 83-3470010 |
| 456 Montgomery St SF LLC | 84-2927577 |
| 465 California St SF LLC | 84-2228081 |
| 5 Bryant Park NYC LLC | 83-3392865 |
| 50 Osgood Pl SF LLC | 84-1998973 |
| 505 Howard SF St LLC | 84-2475071 |
| 545 5th Ave NYC LLC | 84-1891165 |
| 555 Montgomery St SF LLC | 83-2663045 |
| 565 Commercial St SF LLC | 83-3509276 |
| 580 8th Ave NYC LLC | 83-2567612 |
| 590 Fifth Ave NYC LLC | 83-2990113 |
| 597 Fifth Ave NYC LLC | 83-3010158 |
| 6 W 28th NYC LLC | 83-4112594 |
| 60 Madison NYC LLC | 84-2329645 |
| 600 Corporate Pointe LA LLC | 84-1982713 |
| 649 Mission St SF LLC | 83-3834760 |
| 650 Fifth Ave NYC LLC | 83-3413279 |
| 71 Stevenson St SF LLC | 83-3495366 |
| 750 HARRISON ST SF LLC | 83-2927076 |
| 818 Mission St SF LLC | 83-4173973 |
| 8590 National Blvd LA LLC | 83-4386204 |
| 8690 National Blvd LA LLC | 83-4400571 |
| 875 6th Ave NYC LLC | 83-4358710 |

| | |
|---|---|
| 88 Kearny St SF LLC | 83-4620116 |
| 901 Market St SF LLC | 83-4323218 |
| 909 E Street DC LLC | 84-3199729 |
| 909 Ocean Front Walk LA LLC | 84-2371053 |
| 91 Fifth Ave NYC LLC | 83-3644405 |
| Bush 225 SF LLC | 83-3571909 |
| Cortlandt White NYC LLC | 83-4217796 |
| Kkoin, LLC | 61-1929249 |
| Knotel 1 Whitehall LLC | 82-5449153 |
| Knotel 102 Madison LLC | 82-4703377 |
| Knotel 105 Madison LLC | 83-0596066 |
| Knotel 109 Stevenson LLC | 83-2165629 |
| Knotel 11 E 44th LLC | 83-2518243 |
| Knotel 110 Greene LLC | 83-2396272 |
| Knotel 110 William LLC | 83-0925421 |
| Knotel 114 W 26th LLC | 37-4045116 |
| Knotel 12 W 21st St LLC | 83-1966858 |
| Knotel 12 W 27th St LLC | 83-1951596 |
| Knotel 121 2nd Street LLC | 83-1188215 |
| Knotel 147 W 24th LLC | 82-5085253 |
| Knotel 148 Lafayette LLC | 83-1213977 |
| Knotel 150 Post LLC | 83-2273916 |
| Knotel 1500 Broadway LLC | 84-2140184 |
| Knotel 155 Fifth Ave LLC | 83-1026739 |
| Knotel 156 Fifth, LLC | 82-5438679 |
| Knotel 16 W 22nd LLC | 83-4608517 |
| Knotel 160 Pine LLC | 83-1172683 |
| Knotel 17 W 20th LLC | 83-0958965 |
| Knotel 180 Howard LLC | 83-2212705 |
| Knotel 200 W 41st LLC | 30-1000246 |
| Knotel 2080 Addison LLC | 83-2200842 |
| Knotel 211 East 43 LLC | 83-2552391 |
| Knotel 213 W 35th St LLC | 83-1937484 |
| Knotel 220 W 19th St LLC | 83-0874568 |
| Knotel 221 Pine LLC | 83-2098382 |
| Knotel 224 W 30th LLC | 82-4891740 |
| Knotel 229 W 43 LLC | 83-2598162 |
| Knotel 25 W 45th LLC | 82-5490457 |
| Knotel 250 Hudson LLC | 83-0808143 |
| Knotel 250 Hudson ST LLC | 83-1202293 |
| Knotel 26 OFarrell LLC | 83-2286955 |
| Knotel 26 W 17 LLC | 83-1908035 |
| Knotel 261 Madison LLC | 82-5519847 |
| Knotel 27 W 23rd ST LLC | 83-2625510 |
| Knotel 29 W 17th LLC | 82-5035895 |
| Knotel 3 E 28th LLC | 32-0551410 |
| Knotel 30 Broad LLC | 83-0545218 |
| Knotel 30 West 26th LLC | 83-0776440 |
| Knotel 307 Fifth LLC | 83-0891088 |
| Knotel 31 W 27th LLC | 83-0859757 |
| Knotel 321 11th LLC | 83-2147976 |
| Knotel 340 Brannan LLC | 83-1778879 |
| Knotel 36 W 14th LLC | 83-3032502 |
| Knotel 360 Pas LLC | 61-1862846 |
| Knotel 37 W 17th LLC | 82-5051571 |
| Knotel 373 Pas LLC | 82-2342495 |

| | |
|---|---|
| Knotel 38 E 29th LLC | 83-0575641 |
| Knotel 399 Lafayette LLC | 83-2447613 |
| Knotel 40 EX LLC | 82-2303350 |
| Knotel 40 Wooster LLC | 82-5015971 |
| Knotel 400 Madison LLC | 36-4876101 |
| Knotel 41 USW LLC | 35-2614014 |
| Knotel 41 W 25 LLC | 83-2537411 |
| Knotel 417 Montgomery LLC | 83-1141285 |
| Knotel 419 PAS LLC | 30-1004176 |
| Knotel 43 W 24th LLC | 82-4557137 |
| Knotel 443 PAS LLC | 82-5471284 |
| Knotel 475 Park LLC | 36-4875485 |
| Knotel 49 Drumm LLC | 83-2228930 |
| Knotel 5 Hanover LLC | 83-0824463 |
| Knotel 5-9 USW LLC | 37-1866663 |
| Knotel 521 Broadway LLC | 30-1015737 |
| Knotel 530 Broadway LLC | 83-0840906 |
| Knotel 530 Seventh Avenue LLC | 82-5502045 |
| Knotel 54 W 21st LLC | 83-0942085 |
| Knotel 54 W 22nd LLC | 82-5069685 |
| Knotel 55 W 21St LLC | 37-1866349 |
| Knotel 550 Montgomery LLC | 83-1152317 |
| Knotel 551 Fifth Ave LLC | 36-4876259 |
| Knotel 560 LEXINGTON LLC | 61-1853704 |
| Knotel 575 8th Ave LLC | 83-2437317 |
| Knotel 580 5th Ave NYC LLC | 83-3373638 |
| Knotel 580 Market LLC | 83-2255639 |
| Knotel 584 Broadway LLC | 37-1874518 |
| Knotel 598 Broadway LLC | 61-1855099 |
| Knotel 6 W 48th St LLC | 82-4998601 |
| Knotel 600 Townsend LLC | 83-1108449 |
| Knotel 61 Broadway LLC | 83-1231135 |
| Knotel 611 Mission LLC | 83-2246833 |
| Knotel 615 Sacramento LLC | 83-2173880 |
| Knotel 625 2nd LLC | 83-2646631 |
| Knotel 655 Madison LLC | 36-4876782 |
| Knotel 695 AOA LLC | 83-0991566 |
| Knotel 701 Sutter LLC | 83-2136460 |
| Knotel 72 Madison LLC | 35-2607138 |
| Knotel 785 Market LLC | 82-2186419 |
| Knotel 80 Eighth Ave LLC | 83-0793223 |
| Knotel 814 Mission LLC | 83-1118910 |
| Knotel 88 Stevenson LLC | 83-2079635 |
| Knotel 90 John LLC | 83-0907200 |
| Knotel 900 Broadway LLC | 83-1920444 |
| Knotel 972 Mission LLC | 36-4880419 |
| Knotel Battery LLC | 35-2611884 |
| Knotel Blockchain Services LLC | 83-2942568 |
| Knotel Flowerpot LLC | 83-2829868 |
| Knotel Geometry LLC | 84-2518599 |
| Knotel Platform 2017 LLC | 32-0540957 |
| Knotel President LLC | 35-2608350 |
| Knotel Properties LLC | 83-4699432 |
| Knotel Varick LLC | 82-1483113 |
| Knotel William LLC | 37-1869449 |
| Paces Ferry Road ATL LLC | 84-3842036 |

| | |
|---|---|
| Pine Street Tenant NY LLC | 83-3317479 |
| Tenant 660 Mkt St SF LLC | 84-2026785 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Knotel, Inc., *et al.*, | Case No. 21-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

The above-captioned debtors and debtors in possession (the "Debtors") make this statement under rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedures.  The Debtors are each directly or indirectly wholly owned by debtor Knotel, Inc.  The Debtors respectfully represent as follows:

        1.      The following corporations own, either directly or indirectly, 10% or more of the equity interests in Knotel, Inc.:  Essential Media Group, LLC, Peak State Limited (f/k/a Arvensis Ventures Ltd), and Sarva TXT, LLC; and

        2.      Each other Debtor is wholly owned, directly or indirectly, by its parent, Knotel, Inc.

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov.  The location of Debtor Knotel, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5-9 Union Square West, New York, NY 10003.

| Debtor name | Knotel, Inc., *et al.* |
|---|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

**Official Form 204**

**Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   One Workpl L Ferrari LLC dba Two 2500 De La Cruz Blvd Santa Clara, CA 95050 | One Workpl L Ferrari LLC Email: payments@oneworkplace.com | Supply Chain - Furniture | | | | $4,985,299.47 |
| 2   Hudson 901 Market LLC 303 2nd St San Francisco, CA 94107 | Hudson 901 Market LLC Attn: Jason Storm Email: jstorm@hudsonppi.com Phone: (310) 445-5700 | Rent | | | | $4,042,220.05 |
| 3   Eden Technologies Inc 54 Gilbert St San Francisco, CA 94103 | Eden Technologies Inc Email: billing@eden.io Phone: 1-800-754-3166 | Facilities | | | | $3,108,234.37 |
| 4   260-261 Madison Ave LLC 261 Madison Ave, Fl 27 New York, NY 10016 | 260-261 Madison Ave LLC | Rent | | | | $2,692,399.58 |
| 5   505 Howard SF LLC 21575 Ridgetop Cir Sterling, VA 20166 | 505 Howard SF LLC | Rent | | | | $2,309,973.88 |
| 6   SourceMedia 1 State St New York, NY 10004 | SourceMedia Attn: Anthony DeNoris Email: Anthony.DeNoris@sourcemedia.com | Rent | | | | $2,119,571.35 |

Debtor name  **Knotel, Inc., *et al.***                              Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 7   HRC Corp<br>156 5th Ave, Ste 300<br>New York, NY 10010 | **HRC Corp**<br>Email: ehaddad@hrccorp.com<br>Attn: Robert E. Haddad<br>Email: ehaddad@hrccorp.com<br>Phone: (212) 807-7664 ext. 2 | Rent | | $2,342,099.70 | $225,000.00 | $2,117,099.7 |
| 8   530 Broadway Owner LLC<br>1040 Ave of Americas, 3rd Fl<br>New York, NY 10018 | **530 Broadway Owner LLC**<br>Attn: Joanne Agoglia<br>Email: jagoglia@hspny.com<br>Phone: (212) 519-2036 | Rent | | | | $1,560,785.50 |
| 9   RXR 61 Broadway Owner LLC<br>61 Broadway<br>New York, NY 10006 | **RXR 61 Broadway Owner LLC**<br>Attn: Jason Barnett, General Counsel<br>Email: leasing@rxrrealty.com<br>Phone: (212) 797-1330 | Rent | | | | $1,487,384.21 |
| 10  Hudson 625 Second<br>LLC  625 2nd<br>Rincon Ctr, Ste 220<br>San Francisco, CA 94105 | **Hudson 625 Second LLC**<br>Attn: Sarah Epstein<br>Email: sepstein@hudsonppi.com<br>Phone: (310) 445-5700 | Rent | | | | $1,333,644.18 |
| 11  30 Broad Street Venture, LLC<br>30 Broad St<br>New York, NY 10004 | 30 Broad Street Venture, LLC | Rent | | $1,346,943.29 | $18,096.69 | $1,328,846.6 |
| 12  Office Resources, Inc<br>263   Summer   St<br>Boston, MA 02210 | **Office Resources, Inc**<br>Attn: Leanne Niland<br>Email: accountsreceivablegroup@ori.com<br>Phone: (617) 896-3263 | Supply Chain - Furniture | | | | $1,245,306.91 |
| 13  RELX, Inc<br>9443 Springboro Pike<br>Miamisburg, OH 45342 | **RELX, Inc**<br>Attn: Daniel J. Weissman<br>Email: dan.weissman@lexisnexis.com<br>Phone: (202) 857-8202 | Rent | | $1,312,770.36 | $197,000.00 | $1,115,770.36 |
| 14  DP 1550 Bryant LLC<br>1550 Bryant St, 4th Fl<br>San Francisco, CA 94103 | **DP 1550 Bryant LLC**<br>Attn: Kimberly Tran<br>Email: bli@downtown-properties.com | Rent | | $1,651,155.89 | $566,760.97 | $1,084,394.92 |

Debtor name    **Knotel, Inc., _et al._**                                  Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  JLJ LLC<br>c/o Olmstead Properties Inc<br>27 W 23rd St<br>New York, NY 10010 | JLJ LLC<br>Email: mcarter@olmsteadinc.com<br>Phone: (212) 564-2240 or (212) 564-6662 | Rent | | | | $1,057,433.61 |
| 16  29 W 35th Street LLC<br>29 W 35th St,  Ste 900<br>New York, NY 10001 | 29 W 35th Street LLC | Rent | | $1,821,516.42 | $779,675.00 | $1,041,841.42 |
| 17  Alliance Brokerage Corp<br>990 Westbury Rd<br>Westbury, NY 11590 | Alliance Brokerage Corp<br>Email: mvescovo@abc990.com<br>Attn: Michael Vescovo<br>Phone: (516) 465-1100 | Legal | | | | $991,338.37 |
| 18  ASB Allegiance Real Estate Fund<br>dba 400 Madison Holdings LLC<br>c/o Ds400Owner LLC<br>400 Madison Ave, Ste 14B<br>New York, NY 10017 | ASB Allegiance Real Estate Fund<br>Attn: Adeline Juliet Martin, MYoungkuk Kim<br>Email: Julietmartin111@gmail.com<br>Phone: (301) 523-5721 OR | Rent | | $1,498,483.33 | $527,041.00 | $971,442.33 |
| 19  Kidder Matthews of California, Inc.<br>101 Mission Street, Suite 2100<br>San Francisco CA 94105 | Kidder Matthews of California, Inc.<br>Email: bradv@kiddermathews.com | Rent | | | | $927,672.00 |
| 20  31 West 27th Street Property Investors IV,  LLC<br>31 West 27th Street<br>New York NY 10001 | 31 West 27th Street Property Investors IV, LLC | | | | | $ 901,476.31 |

Debtor name    **Knotel, Inc.,** *et al.*                                    Case No. (If known)

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  5 Hanover Square (NY) Owner, LLC 5 Hanover Square New York NY 10004 | 5 Hanover Square (NY) Owner, LLC | Rent | | | | $896,606.96 |
| 22  475 Building Company LLC 750 Lexington Avenue New York NY 10022 | 475 Building Company LLC | Rent | | | | $849,723.12 |
| 23  303 2nd Street Sf LLC / Syapse Inc 303 Second Street, Suite 500 North San Francisco CA 94107 | 303 2nd Street Sf LLC / Syapse Inc Attn: Todd Mayover | Rent | | $1,052,896.83 | $208,777.24 | $844,119.59 |
| 24  11 E 44th Street LLC 346 Madison Ave New York NY 10017 | 11 E 44th Street LLC | Legal | | $1,290,813.02 | $474,739.67 | $816,073.35 |
| 25  598 Broadway Realty Assoc, Inc P.O. Box 514 Prince St Station New York, NY 10012 | 598 Broadway Realty Assoc, Inc Attn: Zvi Mosery | Rent | | $960,735.85 | $144,986.00 | $815,749.85 |
| 26  GODADDY MSH INC. 14455 N. Hayden Rd., Suite 219 Scottsdale, AZ 85260 | GODADDY MSH INC. | Rent | | $788,915.12 | 19,030.57 | $769,884.55 |
| 27  250 HUDSON STREET LLC | 250 HUDSON STREET LLC | Rent | | | | $755,139.37 |

**Debtor name**  **Knotel, Inc.,** *et al.*                                            Case No. (If known)

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28    Legacy 455 Market Street L.P.. 1865 Harman Street, 1R Ridgewood NY 11385 | Legacy 455 Market Street L.P. Attn: Tania A Monar | | | | | $747,678.13 |
| 29    Essence Global LLC 54 West 21st Street New York NY 10010 | Essence Global LLC Email: eyleen.donneys@essenceglobal.com | | | | | $746,983.31 |
| 30  6 West 48th LLC 242 West 38th Street 12th Floor New York NY 10018 | 6 West 48th LLC Email: ecerritos@hspny.com | | | | | $730,712.50 |

## AUTHORIZED OFFICER'S CERTIFICATE

### January 31, 2021

    This Authorized Officer's Certificate (this "**Certificate**") is furnished in connection with those certain chapter 11 petitions filed on January 31, 2021 (as amended, modified or supplemented from time to time, the "**Petitions**"), by Knotel, Inc., a Delaware corporation, and certain of its subsidiaries (each and collectively, the "**Company**").

    The undersigned, being an Authorized Officer (as such term is defined in the attached resolutions) of each Company listed on Schedule 1 attached hereto, hereby certifies, solely in his/her capacity as such and not in his/her individual capacity and without personal liability, that attached hereto as **Exhibit A** is a true, correct and complete copy of the resolutions duly adopted by the Governing Body (as such term is defined therein) of each Company on the date hereof, in accordance with the bylaws or limited liability company agreements, as applicable, of such Company and the requirements of applicable law, and such resolutions have not been modified, rescinded or amended and are in full force and effect as of the date of this Certificate.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has duly executed and delivered this Certificate as of the date first set forth above.

By: ___*/s/ Amit Khanna*_____

Name: Amit Khanna

Title: SVP, General Counsel

## Schedule 1

1. Knotel, Inc., a Delaware corporation

2. 100 Bush St SF LLC, a Delaware limited liability company

3. 101 Fifth Ave NYC LLC, a New York limited liability company

4. 101 Montgomery St SF LLC, a Delaware limited liability company

5. 10301 Jefferson Blvd LA LLC, a Delaware limited liability company

6. 110 W 32nd NYC LLC, a New York limited liability company

7. 1100 Glendon LA LLC, a Delaware limited liability company

8. 1120 20th St DC LLC, a Delaware limited liability company

9. 116 W 32nd NYC LLC, a New York limited liability company

10. 12 E 33 St NYC LLC, a New York limited liability company

11. 12121 Bluff Creek LA LLC, a Delaware limited liability company

12. 12211 Washington LA LLC, a Delaware limited liability company

13. 125 Fifth Ave NYC LLC, a New York limited liability company

14. 1250 Eye St DC LLC, a Delaware limited liability company

15. 12555 West Jefferson Way LA LLC, a Delaware limited liability company

16. 126 Post St SF LLC, a Delaware limited liability company

17. 129 W 29th NYC LLC, a New York limited liability company

18. 131 Rodeo 102 LA LLC, a Delaware limited liability company

19. 131 Rodeo 250 LA LLC, a Delaware limited liability company

20. 13160 Mindanao Way LA LLC, a Delaware limited liability company

21. 1317 5th St LA LLC, a Delaware limited liability company

22. 1330 Conn Ave DC LLC, a Delaware limited liability company

23. 1407 Broadway NYC LLC, a New York limited liability company

24. 142 Berkeley St BOS LLC, a Delaware limited liability company

25. 1444 Market St SF LLC, a Delaware limited liability company

26.  146 Geary St SF LLC, a Delaware limited liability company

27.  152 W 25 NYC LLC, a New York limited liability company

28.  1550 Bryant St SF LLC, a Delaware limited liability company

29.  1556 20th LA LLC, a Delaware limited liability company

30.  16 W 36 St NYC LLC, a New York limited liability company

31.  1625 Oly Blvd LA LLC, a Delaware limited liability company

32.  1640 Sepulveda LA LLC, a Delaware limited liability company

33.  166 Geary St SF LLC, a Delaware limited liability company

34.  1720 Eye St DC LLC, a Delaware limited liability company

35.  1725 Montgomery St SF LLC, a Delaware limited liability company

36.  19 W 44th NYC LLC, a New York limited liability company

37.  195 Broadway NYC LLC, a New York limited liability company

38.  2 Liberty Sq BOS LLC, a Delaware limited liability company

39.  22 W 21 ST NYC LLC, a New York limited liability company

40.  2228 Cottner LA LLC, a Delaware limited liability company

41.  23 W 20th NYC LLC, a New York limited liability company

42.  239 Causeway St Boston LLC, a Delaware limited liability company

43.  240 W 35th NYC LLC, a New York limited liability company

44.  240 W 40 St NYC LLC, a New York limited liability company

45.  250 Montgomery St LLC, a Delaware limited liability company

46.  259 W 30TH NYC LLC, a New York limited liability company

47.  26 W 17th St NYC LLC, a New York limited liability company

48.  260 W 39th NYC LLC, a New York limited liability company

49.  275 Battery St SF LLC, a Delaware limited liability company

50.  28 W 25 NYC LLC, a New York limited liability company

51.  29 W 35th St NYC LLC, a New York limited liability company

52. 295 Madison NYC LLC, a New York limited liability company

53. 30 W 21 St NYC LLC, a New York limited liability company

54. 300 Broadway St SF LLC, a Delaware limited liability company

55. 300 Montgomery St SF LLC, a Delaware limited liability company

56. 301 Brannan St SF LLC, a Delaware limited liability company

57. 303 Second St SF LLC, a Delaware limited liability company

58. 3137 S La Cienega Blvd LA LLC, a Delaware limited liability company

59. 320 Lincoln LA LLC, a Delaware limited liability company

60. 3309 La Cienega Place LA LLC, a Delaware limited liability company

61. 333 Broadway SF Tenant LLC, a Delaware limited liability company

62. 350 Sansome St SF LLC, a Delaware limited liability company

63. 3535 Hayden Ave LA LLC, a Delaware limited liability company

64. 360 Madison NYC LLC, a New York limited liability company

65. 369 Lexington Ave NYC LLC, a New York limited liability company

66. 390 Broadway NYC LLC, a New York limited liability company

67. 40 Broad St BOS LLC, a Delaware limited liability company

68. 400 Sutter St SF LLC, a Delaware limited liability company

69. 405 E 4th Avenue SM LLC, a Delaware limited liability company

70. 405 Howard Street SF LLC, a Delaware limited liability company

71. 429 Santa Monica Blvd LA LLC, a Delaware limited liability company

72. 42Floors, LLC, a Delaware limited liability company

73. 44 E 32nd Street NYC LLC, a New York limited liability company

74. 44 Thomson Pl BOS LLC, a Delaware limited liability company

75. 447 Broadway NYC LLC, a New York limited liability company

76. 45 W 45 ST NYC LLC, a New York limited liability company

77. 4501 Glencoe Blvd LA LLC, a Delaware limited liability company

78. 455 Market St SF LLC, a Delaware limited liability company

79. 456 Montgomery St SF LLC, a Delaware limited liability company

80. 465 California St SF LLC, a Delaware limited liability company

81. 5 Bryant Park NYC LLC, a New York limited liability company

82. 50 Osgood Pl SF LLC, a Delaware limited liability company

83. 505 Howard SF St LLC, a Delaware limited liability company

84. 545 5th Ave NYC LLC, a New York limited liability company

85. 555 Montgomery St SF LLC, a Delaware limited liability company

86. 565 Commercial St SF LLC, a Delaware limited liability company

87. 580 8th Ave NYC LLC, a New York limited liability company

88. 590 Fifth Ave NYC LLC, a New York limited liability company

89. 597 Fifth Ave NYC LLC, a New York limited liability company

90. 6 W 28th NYC LLC, a New York limited liability company

91. 60 Madison NYC LLC, a New York limited liability company

92. 600 Corporate Pointe LA LLC, a Delaware limited liability company

93. 649 Mission St SF LLC, a Delaware limited liability company

94. 650 Fifth Ave NYC LLC, a New York limited liability company

95. 71 Stevenson St SF LLC, a Delaware limited liability company

96. 750 HARRISON ST SF LLC, a Delaware limited liability company

97. 818 Mission St SF LLC, a Delaware limited liability company

98. 8590 National Blvd LA LLC, a Delaware limited liability company

99. 8690 National Blvd LA LLC, a Delaware limited liability company

100. 875 6th Ave NYC LLC, a New York limited liability company

101. 88 Kearny St SF LLC, a Delaware limited liability company

102. 901 Market St SF LLC, a Delaware limited liability company

103. 909 E Street DC LLC, a Delaware limited liability company

104. 909 Ocean Front Walk LA LLC, a Delaware limited liability company

105. 91 Fifth Ave NYC LLC, a New York limited liability company

106. Bush 225 SF LLC, a Delaware limited liability company

107. Cortlandt White NYC LLC, a New York limited liability company

108. Kkoin, LLC, a Delaware limited liability company

109. Knotel 1 Whitehall LLC, a New York limited liability company

110. Knotel 102 Madison LLC, a New York limited liability company

111. Knotel 105 Madison LLC, a New York limited liability company

112. Knotel 109 Stevenson LLC, a Delaware limited liability company

113. Knotel 11 E 44th LLC, a New York limited liability company

114. Knotel 110 Greene LLC, a New York limited liability company

115. Knotel 110 William LLC, a New York limited liability company

116. Knotel 114 W 26th LLC, a New York limited liability company

117. Knotel 12 W 21st St LLC, a New York limited liability company

118. Knotel 12 W 27th St LLC, a New York limited liability company

119. Knotel 121 2nd Street LLC, a Delaware limited liability company

120. Knotel 147 W 24th LLC, a New York limited liability company

121. Knotel 148 Lafayette LLC, a New York limited liability company

122. Knotel 150 Post LLC, a Delaware limited liability company

123. Knotel 1500 Broadway LLC, a New York limited liability company

124. Knotel 155 Fifth Ave LLC, a New York limited liability company

125. Knotel 156 Fifth, LLC, a New York limited liability company

126. Knotel 16 W 22nd LLC, a New York limited liability company

127. Knotel 160 Pine LLC, a Delaware limited liability company

128. Knotel 17 W 20th LLC, a New York limited liability company

129. Knotel 180 Howard LLC, a Delaware limited liability company

130. Knotel 200 W 41st LLC, a New York limited liability company

131. Knotel 2080 Addison LLC, a Delaware limited liability company

132. Knotel 211 East 43 LLC, a New York limited liability company

133. Knotel 213 W 35th St LLC, a New York limited liability company

134. Knotel 220 W 19th St LLC, a New York limited liability company

135. Knotel 221 Pine LLC, a Delaware limited liability company

136. Knotel 224 W 30th LLC, a New York limited liability company

137. Knotel 229 W 43 LLC, a New York limited liability company

138. Knotel 25 W 45th LLC, a New York limited liability company

139. Knotel 250 Hudson LLC, a New York limited liability company

140. Knotel 250 Hudson ST LLC, a New York limited liability company

141. Knotel 26 OFarrell LLC, a Delaware limited liability company

142. Knotel 26 W 17 LLC, a New York limited liability company

143. Knotel 261 Madison LLC, a New York limited liability company

144. Knotel 27 W 23rd ST LLC, a New York limited liability company

145. Knotel 29 W 17th LLC, a New York limited liability company

146. Knotel 3 E 28th LLC, a New York limited liability company

147. Knotel 30 Broad LLC, a New York limited liability company

148. Knotel 30 West 26th LLC, a New York limited liability company

149. Knotel 307 Fifth LLC, a New York limited liability company

150. Knotel 31 W 27th LLC, a New York limited liability company

151. Knotel 321 11th LLC, a Delaware limited liability company

152. Knotel 340 Brannan LLC, a Delaware limited liability company

153. Knotel 36 W 14th LLC, a New York limited liability company

154. Knotel 360 Pas LLC, a New York limited liability company

155. Knotel 37 W 17th LLC, a New York limited liability company

156. Knotel 373 Pas LLC, a New York limited liability company

157. Knotel 38 E 29th LLC, a New York limited liability company

158. Knotel 399 Lafayette LLC, a New York limited liability company

159. Knotel 40 EX LLC, a New York limited liability company

160. Knotel 40 Wooster LLC, a New York limited liability company

161. Knotel 400 Madison LLC, a New York limited liability company

162. Knotel 41 USW LLC, a New York limited liability company

163. Knotel 41 W 25 LLC, a New York limited liability company

164. Knotel 417 Montgomery LLC, a Delaware limited liability company

165. Knotel 419 PAS LLC, a New York limited liability company

166. Knotel 43 W 24th LLC, a New York limited liability company

167. Knotel 443 PAS LLC, a New York limited liability company

168. Knotel 475 Park LLC, a New York limited liability company

169. Knotel 49 Drumm LLC, a Delaware limited liability company

170. Knotel 5 Hanover LLC, a New York limited liability company

171. Knotel 5-9 USW LLC, a New York limited liability company

172. Knotel 521 Broadway LLC, a New York limited liability company

173. Knotel 530 Broadway LLC, a New York limited liability company

174. Knotel 530 Seventh Avenue LLC, a New York limited liability company

175. Knotel 54 W 21st LLC, a New York limited liability company

176. Knotel 54 W 22nd LLC, a New York limited liability company

177. Knotel 55 W 21St LLC, a New York limited liability company

178. Knotel 550 Montgomery LLC, a Delaware limited liability company

179. Knotel 551 Fifth Ave LLC, a New York limited liability company

180. Knotel 560 LEXINGTON LLC, a New York limited liability company

181. Knotel 575 8th Ave LLC, a New York limited liability company

182. Knotel 580 5th Ave LLC, a New York limited liability company

183. Knotel 580 Market LLC, a Delaware limited liability company

184. Knotel 584 Broadway LLC, a New York limited liability company

185. Knotel 598 Broadway LLC, a New York limited liability company

186. Knotel 6 W 48th St LLC, a New York limited liability company

187. Knotel 600 Townsend LLC, a Delaware limited liability company

188. Knotel 61 Broadway LLC, a New York limited liability company

189. Knotel 611 Mission LLC, a Delaware limited liability company

190. Knotel 615 Sacramento LLC, a Delaware limited liability company

191. Knotel 625 2nd LLC, a Delaware limited liability company

192. Knotel 655 Madison LLC, a New York limited liability company

193. Knotel 695 AOA LLC, a New York limited liability company

194. Knotel 701 Sutter LLC, a Delaware limited liability company

195. Knotel 72 Madison LLC, a New York limited liability company

196. Knotel 785 Market LLC, a Delaware limited liability company

197. Knotel 80 Eighth Ave LLC, a New York limited liability company

198. Knotel 814 Mission LLC, a Delaware limited liability company

199. Knotel 88 Stevenson LLC, a Delaware limited liability company

200. Knotel 90 John LLC, a New York limited liability company

201. Knotel 900 Broadway LLC, a New York limited liability company

202. Knotel 972 Mission LLC, a Delaware limited liability company

203. Knotel Battery LLC, a New York limited liability company

204. Knotel Blockchain Services LLC, a Delaware limited liability company

205. Knotel Flowerpot LLC, a New York limited liability company

206. Knotel Geometry LLC, a Delaware limited liability company

207. Knotel Platform 2017 LLC, a New York limited liability company

208. Knotel President LLC, a New York limited liability company

209. Knotel Properties LLC, a Delaware limited liability company

210. Knotel Varick LLC, a New York limited liability company

211. Knotel William LLC, a New York limited liability company

212. Paces Ferry Road ATL LLC, a Delaware limited liability company

213. Pine Street Tenant NY LLC, a New York limited liability company

214. Tenant 660 Mkt St SF LLC, a Delaware limited liability company

**Exhibit A**

**Resolutions**

**OMNIBUS RESOLUTIONS BY**
**THE MEMBERS OF THE BOARD OF DIRECTORS AND THE SOLE MEMBERS (AS**
**APPLICABLE) OF THE ENTITIES LISTED ON SCHEDULE 1 (EACH AND**
**COLLECTIVELY, THE "COMPANY")**

**January 28, 2021**

Effective as of the date written above, each of the following governing bodies (each and collectively, the "**Governing Body**"):

(i) all of the members of the board of directors of Knotel, Inc. ("**Knotel**"), a Delaware corporation;

(ii) Knotel as the sole member of each of the other entities listed on Schedule 1, each a Delaware limited liability company or a New York limited liability company, as designated on Schedule 1;

hereby consents to and approves the following actions and adopts the following resolutions pursuant to the bylaws or limited liability company agreements, as applicable, and the laws of the state of formation or organization of each Company:

## RECITALS

**WHEREAS**, the Governing Body of each Company has reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical and current performance of the Company, the assets and prospects of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions, and fully considered the strategic alternatives available to each Company; and

**WHEREAS**, the Governing Body of each Company has received, reviewed, and considered the recommendations of the senior management of each Company and each Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a reorganization case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Governing Body of each Company, in consultation with the senior management of each Company and each Company's legal, financial, and other advisors, has determined that it is in the best interests of the Company to explore a potential sale of its assets to one or more potential bidders (the "**Sale**"); and

**WHEREAS**, after reviewing indications of interest submitted by interested bidders, the Governing Body of each Company, with the assistance of the senior management of each Company and each Company's legal, financial, and other advisors, reviewed and negotiated an asset purchase agreement (the "**Stalking Horse Agreement**") with Digiatech, LLC (or its

designee) (the "**Stalking Horse Bidder**") to purchase substantially all of each Company's assets; and

**WHEREAS**, the Governing Body of each Company determined that the Stalking Horse Agreement is fair and reasonable, will not discourage competitive bidding in connection with the Sale, and that it is in the best interests of each Company that the Company enter into the Stalking Horse Agreement; and

**WHEREAS**, the Governing Body of each Company has determined that taking the actions set forth below are advisable and in the best interests of the Company and, therefore desires to approve the following resolutions:

**NOW, THEREFORE, BE IT**

I.    **Commencement of Chapter 11 Cases**

**RESOLVED**, that, in the judgment of the Governing Body of each Company, it is in the best interests of the Company, and would promote the maximization of the value of the Company for the benefit of its shareholders, that a voluntary petition (the "**Petition**" and, collectively, the "**Petitions**") be filed with the bankruptcy court by the Company commencing a case (the "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that any one of John M. Jureller and Amit Khanna and any other officer of the Company specifically designated by the foregoing officers (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized and empowered to execute and file in the name and on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the bankruptcy court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered on behalf of the Company, to execute, acknowledge, deliver, and verify and file any and all petitions, schedules, statements of affairs, lists, motions, applications, and other papers and to take any and all related actions that such Authorized Persons may deem necessary or proper in connection with the filing of the Petition and commencement of the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Persons, shall be necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case and to effectuate the restructuring, reorganization, sale or liquidation of the Company's assets, refinancing, restructuring or other transaction with respect to, its debt, other obligations, organizational form and structure or ownership of the Company, and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## II.    Retention of Advisors

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ the law firm of Milbank LLP, located at 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067, as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank LLP; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ the law firm of Morris, Nichols, Arsht & Tunnell LLP, located at 1201 North Market Street, 16th Floor, Wilmington, DE 19899, as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Morris, Nichols, Arsht & Tunnell LLP; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Moelis & Company, located at 399 Park Avenue, 5th Floor, New York, NY 10022, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate

retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Moelis & Company; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Omni Agent Solutions, located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, as claims, noticing and administrative agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Omni Agent Solutions; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Fenwick & West LLP, located at 801 California Street, Mountain View, CA 94041, as special corporate counsel; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Fenwick & West LLP; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ Ernst & Young LLP, located at 5 Times Square, New York, New York 10036, as tax consultant; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Ernst & Young LLP; and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed to employ any other professionals, including attorneys, accountants, and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary; and it is further

### III.    Debtor-In-Possession Financing and Use of Cash Collateral

**RESOLVED** that, the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such persons, be, and each of them, acting alone or in any combination, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Persons determine it to be necessary or appropriate, enter into senior, secured, super-priority debtor in possession credit facilities, including the credit facilities

contemplated by that certain Senior Secured Superpriority Debtor-In-Possession Credit Agreement, dated on or about the date hereof, by and among the Company, as borrower, the guarantors party thereto, and Digiatech, LLC, as lender (the "**Lender**"), in each case, in substantially the form as presented to the Governing Body (the "**DIP Credit Facilities**"), and any related documents or instruments, each on terms and conditions agreed to by the Company, and the Lender and such other terms as are customary for similar debtor-in-possession facilities and to cause the Company to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby; and it is further

**RESOLVED** that the Authorized Persons be, and each of them hereby is, acting alone or in any combination, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Persons determine it to be necessary or appropriate, cause to be prepared, to negotiate, execute, and deliver, and the Company is hereby authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facilities and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, other loan documents promissory notes, term sheets, fee letters, control agreements, landlord agreements, pledge agreements, assignments, stock powers, intellectual property filings and recordations, letters of credit, certificates, powers of attorney, consents, waivers, other security documents and any other necessary or appropriate agreement, instrument, document, or certificates related to the DIP Credit Facilities (the "**DIP Documents**") each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution; and it is further

**RESOLVED** that the Company, as debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to (i) negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees of, and security interests in, mortgage, pledge, and grant liens on and claims against the Company's assets as security or otherwise in connection with the DIP Documents as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code and (ii) in the Company's capacity, as shareholder, member, manager, or owner of any other borrower or guarantor, execute and deliver such votes, consents, waivers, or other approvals of certifications as are necessary or desirable to cause or permit any such borrower or guarantor to enter into and consummate the foregoing and the other matters contemplated by these resolutions; and that any Authorized Person of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to enter into and perform its obligations under and as set forth in the DIP Documents; and that any Authorized Person of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company, to execute (manually or by electronic signature) and deliver such DIP Documents, with such changes, additions and deletions

as any Authorized Person may approve and on such terms as any Authorized Person deems necessary or desirable; and it is further

**RESOLVED** that each Authorized Person be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of the Company to cause the Company and its subsidiaries to pledge, mortgage, or otherwise grant security interests in, and liens upon, any or all of the assets and properties, real and personal, now owned or hereafter acquired by the Company and its subsidiaries, including, without limitation, any capital stock, membership interests, or other ownership interests owned by the Company or any subsidiary in any corporations, limited liability companies, or other entities, now existing or hereafter arising or acquired (collectively, the "**Collateral**"), as applicable, and all proceeds of the Collateral as may now or from time to time be required in connection with the DIP Credit Facilities to secure payment and performance by the Company of its obligations under the DIP Documents and such other obligations that are required to be secured under the DIP Documents and take such further action to maintain and perfect such liens and otherwise necessary to effect the purposes of the DIP Documents; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to cause the Company's subsidiaries to enter into subsidiary guarantees of the payment by the Company of all amounts due with respect to the DIP Documents and the performance by the Company of its obligations under the DIP Documents and such other obligations that such subsidiaries are required to guaranty; and it is further

**RESOLVED** that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facilities to the Company and its affiliates; and it is further

## IV.    Stalking Horse Agreement, Sale Process, and Bidding Procedures Motion

**RESOLVED**, that the execution, delivery and performance of the Stalking Horse Agreement substantially in the form previously provided to the Governing Body of the Company and the transactions contemplated thereby, be, and they hereby are, deemed advisable and in the best interests of the Company and are hereby authorized, approved and adopted for all purposes; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to negotiate, execute and deliver on behalf of the Company any agreements, documents and instruments in connection with the Stalking Horse Agreement or as such Authorized Persons may deem necessary, advisable or appropriate, such execution and delivery by any such Authorized Persons to be conclusive evidence of such authorization and approval; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to (i) file a motion (the "**Bidding Procedures Motion**") with the bankruptcy court to request, among

other things, the bankruptcy court's approval of (a) the Sale, (b) the commencement of a marketing and sale process in the Chapter 11 Cases for the Sale (the "**Sale Process**"), and (c) the bidding procedures associated with the Sale Process, which are attached to the Bidding Procedures Motion (such bidding procedures, in the form approved by the bankruptcy court, the "**Bidding Procedures**"), including a request for approval of a break-up fee payable to the Stalking Horse Bidder on the terms set forth in the Stalking Horse Agreement and (ii) commence and implement the Sale Process; and it is further

RESOLVED, that each Authorized Person be, and hereby is, authorized, directed, and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to take any and all other actions as they may deem necessary or advisable to implement the Sale Process as contemplated by the Bidding Procedures; and it is further

## V.    General Authorization and Ratification

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's (or his designees' or delegates') judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to execute on behalf of the Company any and all such other agreements, agreements, deeds, consents, notices, applications, certificates, authorities, letters, instruments, undertakings, or other documents, in each case as in the judgment of the person(s) executing the same on behalf of the Company, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the bylaws or limited liability company agreements of the Company, as applicable, or hereby waives any right to have received such notice; and it is further

RESOLVED, that all actions and transactions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered, or filed through the date hereof, by any manager or Authorized Person of the Company in, for, and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby in all respects approved, adopted, ratified, and confirmed in all respects as the true acts and deeds of the Company as of the date such action or actions were taken; and it is further

RESOLVED, that, to the extent that the Company serves as the sole member, managing member, general partner, partner, or other governing body (the "**Controlling Company**") of any

other company (a "**Controlled Company**"), each Authorized Person of the Controlling Company, any one of whom may act without the joinder of any other Authorized Person, be, and each of them hereby is, severally authorized and empowered in the name and on behalf of the Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of the Controlling Company; and it is further

**RESOLVED**, that facsimile or photostatic copies of any signature to these resolutions shall be deemed to be originals and may be relied on to the same extent as the originals.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Knotel, Inc., *et al.*___

United States Bankruptcy Court for the: _____ District of Delaware
                                                                                  (State)

Case number *(If known):* _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑  *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)

❑  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑  *Schedule H: Codebtors* (Official Form 206H)

❑  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑  Amended *Schedule*

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration   Corporate Ownership Statement, Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/31/2021___          **X**  */s/ John M. Jureller*
        MM / DD / YYYY          Signature of individual signing on behalf of debtor

                   John M. Jureller
                      Printed name

                   Chief Financial Officer
                Position or relationship to debtor